OPINION OF THE COURT

Per Curiam.

Final judgment entered February 9,1982 reversed, with $30 costs, and final judgment of possession directed in favor of landlord as prayed for in the petition.
The lease between the parties contained a standard clause prohibiting a subletting or assignment without the prior written consent of the landlord, except as permitted by section 226-b of the Real Property Law. It is undisputed on this record, and the trial court so found, that tenant installed a subtenant without seeking the landlord’s approval, and only after landlord’s discovery of the surreptitious transfer was a written request for permission to *575 sublet made. That request was denied within 30 days on the ground that the tenant had already put a new occupant in possession without notice or permission. A 10-day notice to cure was thereafter served, followed by the commencement of this holdover proceeding. The Civil Court, while finding that the tenant had violated a substantial obligation of the lease (and, by inference, the provisions of section 226-b itself), nevertheless dismissed the petition upon the conclusion that the landlord’s rejection had been unreasonable.
Pursuant to subdivision 1 of section 226-b of the Real Property Law, a tenant has the right to sublease or assign his premises, “subject to the written consent of the landlord given in advance of the sublease or assignment” (emphasis added). A tenant must give written notice of his intent to sublease or assign in requisite form, and the landlord then has 10 days to request additional information bearing on the determination to accept or reject, and 30 days within which to advise the tenant of his consent, or if he does not consent, the reasons therefor. “If the landlord consents, the premises may be sublet or assigned in accordance with the request” (Real Property Law, § 226-b, subd 2; emphasis added).
It seems to us that this detailed legislative scheme is rendered meaningless if tenants are free to make transfers without the prior consent of the landlord and without having first served the statutory notice of intent, thereby circumventing a landlord’s threshold right to pass upon the acceptability of a proposed subtenant or assignee. A landlord must be given the opportunity to exercise his explicit right of reasonable refusal in advance of the transfer, and it is no answer to say, after the fact, that had the required notice been given, consent could not have been reasonably withheld. Persons who would rely upon the substantive rights accorded by a statute must themselves comply with its provisions. Accordingly, tenant is not in a position to rely upon section 226-b to sustain his unauthorized subletting (Claridge Gardens v Osorio, NYLJ, Dec. 23, 1981, p 7, col 1; Quincy v 163-35 Ninth Ave. Corp., NYLJ, June 2, 1982, p 6, col 1).
Tierney, J. P., Riccobono and Sullivan, JJ., concur.