OPINION OF THE COURT
Charles E. Ramos, J.
Petitioner owner seeks a final judgment on the ground that the respondent tenant sublet without the owner’s consent.
The record clearly discloses that the sublet occurred before the owner had an opportunity to consent or to withhold consent.
Section 226-b of the Real Property Law has been recently amended to grant to tenants the right to sublet, subject to certain limitations not relevant in this dispute. This amendment not only greatly expands tenants’ rights but also clarifies an area of the law that had, of late, become confused by conflicting opinions rendered by the appellate courts.
Notwithstanding the expansion of tenants’ rights, the amendment also provided that “[a]ny sublet * * * which does not comply with the provisions of this section shall constitute a substantial breach of lease or tenancy.” (§ 226-b, subd 5.)
Clearly, the Legislature has removed any doubt that strict compliance is necessary if a sublet is to be upheld. The statute’s requirements are:
*175 (1) Prior notice of the proposed sublet to the owner by certified mail, return receipt requested, including;
(2) the terms of the sublease,
(3) the name of the proposed subtenant,
(4) the business and permanent home addresses of the proposed subtenant,
(5) the reason for the sublet,
(6) the tenant’s address during the term of the sublease,
(7) the consent of any other obligors on the lease, and
(8) a copy of the sublease, if available.
Having failed to comply with the above, the tenant contends that the owner waived its rights by the act of permitting the proposed subtenant to fill out an application at a time when the owner knew that the subtenant had entered into possession of the subject apartment.
The tenant is thereby requesting that the courts punish an owner if he acts reasonably by not rejecting the proposed sublet out of hand. This the court will not do. By affording the subtenant the opportunity to make application, the owner is showing his good faith, and is upholding both the letter and spirit of the law.
RPAPL 753 (subd 4) provides for a 10-day period within which the tenant may cure. This stay affords a tenant an opportunity to protect the leasehold and soften the impact of an adjudication of having committed a substantial breach of the lease. This “second chance” permits the courts to more strictly enforce lease provisions without the necessity of concomitant forfeitures.
Accordingly, final judgment for petitioner as prayed for in the petition. Ten-day stay of issuance of the warrant during which time the tenant may cure.