OPINION OF THE COURT
Pam B. Jackman-Brown, J.
This is a holdover proceeding commenced on the basis of the *681 respondent Maria Perez’ unauthorized sublet of the subject premises.
The respondent has resided in the subject rent-stabilized apartment for approximately 1.1 years. On or about May 20, 1999, she approached the petitioner Robert Caniglia, and orally requested permission to sublet the apartment. She asserted that she needed to sublet the apartment in order to care for her terminally ill sister. The petitioner responded that consent would be given provided the respondent made a formal written request and submitted the necessary documentation according to the provisions of the Division of Housing and Community Renewal (hereinafter DHCR) regarding sublets.
On or about May 29, 1999, the respondent vacated the subject premises. The subtenants took occupancy with a two-year lease on or about June 1, 1999. The respondent on June 7, 1999, upon consultation with DHCR, sent by regular mail to the petitioner a letter responding to his requests for documents and attached with it a letter of intent to sublet dated May 4, 1999 together with the supporting documents. The sublease is dated June 4, 1999. There was no information attached regarding the respondent’s sister.
The petitioner, thereafter, conducted an investigation of the address provided by the respondent and discovered that she purchased a condominium in Rockland County and is presently residing there. The petitioner, then, rejected the request to sublet by serving a 10-day notice to cure on July 6, 1999. Upon respondent’s failure to cure, a notice of termination was served. But for the respondent’s purchase of a condominium, the petitioner would have consented to the sublet.
Real Property Law § 226-b and DHCR Rent Administration Fact Sheet No. 7, “Sublets, Assignments and Illusory Tenancies,” outline the procedures which must be followed for proper sublet of a rent-stabilized apartment. Real Property Law § 226-b (2) (a) states in relevant part that “[a] tenant renting a residence pursuant to an existing lease in a dwelling having four or more residential units shall have the right to sublease h[cr] premises subject to the written consent of the landlord in advance of the subletting.” Paragraph (b) states that “[t]he tenant shall inform the landlord of h[cr] intent to sublease by mailing a notice of such intent by certified mail, return receipt requested.” The request for permission to sublet must be accompanied by documentation regarding the tenant’s new address, the purpose for subletting, the sublease and information of the proposed subtenants. The DHCR Fact Sheet *682 similarly follows the statute and outlines the procedures that must be followed for subleasing of a rent-stabilized apartment. The mailing of the request must be sent no less than 30 days prior to the proposed subletting. The owner thereafter has 30 days to refuse the sublet which must be made in writing. Refusal must be reasonable. (See, Real Property Law § 226-b; DHCR Rent Administration Fact Sheet No. 7.) According to the respondent’s letter dated May 4, 1999, she consulted with DHCR and was aware of DHCR Rent Administration Fact Sheet No. 7 which she included with the supporting documents sent to the petitioner on June 7.
The documents with notice of intent to sublet were sent by regular mail on June 7, 1999, less than 30 days prior to the proposed sublet. In fact, the letter was sent after the sublet. The subtenants moved into the apartment prior to the respondent’s written notification to the petitioner. The respondent argues that there were oral communications and the petitioner orally consented to the sublet. In essence, the respondent is asserting a waiver by the petitioner of his statutory rights to object to the sublet.
If the court should find that there was consent by the petitioner, it was predicated on the respondent complying with DHCR regulations. The uncontroverted testimony showed that the petitioner insisted on the respondent following proper procedure for the subletting of the apartment. The respondent has failed to do so. Therefore, there was no waiver of petitioner’s rights to rely on the statute governing respondent’s right to sublet. (See, Brefries E. End v Platt, 116 Misc 2d 574 [App Term, 1st Dept 1982]; Bleecker Assocs. v Hayward, 121 Misc 2d 174 [Civ Ct, NY County 1983].) The letter of June 7, 1999 was improperly sent by regular mail and was untimely forwarded to the petitioner after the sublet occurred. Consequently, the respondent has failed to comply with the applicable statute, Real Property Law § 226-b (2) (a) and (b).
Assuming, arguendo, that the petitioner waived his rights to rely on the applicable statute and consented to the sublet, it was based on the respondent’s statement that the sublet was necessary so that she could care for her terminally ill sister. If that is the true reason, then, the respondent is without clean hands since she failed to comply with the petitioner’s request for supporting documents. The respondent testified that she subletted the apartment and purchased the condominium in Rockland County because (1) her sister could not climb the stairs in her apartment building, (2) to spare her sister the embarrassment from strangers staring at her, (3) her sister *683 was in and out of intensive care, and (4) to share caring for her sister with her mother. Allegedly, respondent’s sister lives in Rockland County. However, no explanation was offered as to why it was necessary to purchase a condominium. The subject apartment is within 10 minutes of the respondent’s present employment. The respondent’s sister is allegedly in and out of intensive care; however, no testimony was offered of the location of the hospital. Most important, the respondent’s mother is presently in Spain. The respondent produced one witness but that witness has failed to corroborate her testimony. There were no documents to verify the sister’s information.
From the adduced testimony, it appears that the respondent is using her sister’s illness as a pretext to keep this apartment while living at her condominium upstate. Therefore, the consent was properly and reasonably withdrawn based on the respondent’s failure to provide documents to corroborate the reasons for the sublet.
Ms. Perez further argues that this proceeding was brought because of racial discrimination against her. As this is the wrong forum to address this allegation, the court will not consider this argument. However, should this court find that this claim is relevant, the testimony proffered fails to show that race is a motive for terminating the tenancy.
Based on all of the above, this court finds in favor of the petitioner. The letter with documents sent by regular mail was improperly mailed. The letter of intent to sublet sent after the signing of a sublease and after the subtenants took possession was untimely. In addition, any oral consent given prior to the formal written request to sublet was properly and reasonably rejected based on the respondent’s failure to provide proper documentation.
Final judgment of possession in favor of the petitioner. Issuance of the warrant is stayed permanently for 10 days for the respondent to cure. Upon failure to timely cure, the warrant shall issue and the Marshall shall execute the warrant of eviction upon proper service of the Marshall’s notice.